IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KRAIG PAYNE,

                Plaintiff,

v.

                Case No. 25-cv-01393-SPM

C/O WEBBER,
C/O MARSH,
C/O MCKINNELY, and
TOLMER TOLIVER,

                Defendants.

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Kraig Payne, an inmate of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Lawrence Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### DISCUSSION

In the First Amended Complaint, Plaintiff asserts that Defendants retaliated against him and subjected him to cruel and unusual punishment by providing him with unsanitary food. (Doc. 15, p. 1). Plaintiff asserts that on June 6, 2025, Correctional Officer Marsh brought him a food tray filled with water. (Doc. 15, p. 5). Later that day, he claims he was given a food tray that contained a "yellow sour cake." (*Id.*). On June 15, 2025, Plaintiff claims that Correctional Officer McKinnely

walked away "without giving [him] a milk." (*Id.*).

For the reasons previously stated in the merits review order of the original Complaint, Plaintiff has failed to state a claim for a constitutional violation. (*See* Doc. 14). First, Plaintiff has failed to allege facts establishing an Eighth Amendment violation against any of the Defendants. While Marsh's conduct in serving Plaintiff a food tray full of water was unprofessional, this one-time harassing conduct, which caused Plaintiff to miss a single meal, does not rise to the level of an Eighth Amendment violation. *See Jaros v. Ill. Dep't of Corr.,* 684 F.3d 667, 671 (7th Cir. 2012) (inmate who "sometimes missed the morning meal" did not state Eighth Amendment claim); *Morris v. Kingston,* 368 F. App'x 686, 689 (7th Cir. 2010) (concluding that plaintiff had not shown that missing 17 meals over 23 days caused serious harm or lasting detriment); *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009) ("[H]arassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment."). *See also Bishop v. Johnson,* No. 19-cv-1034-SMY, 2019 WL 6615402, at *1 (S.D. Ill. Dec. 5, 2019) (finding that the plaintiff who alleged a correctional officer threatened him and took away his meal failed to state a claim); *Ybarra v. Neal*, No. 21-cv-418-RLM-MGG, 2021 WL 5741328, at *2 (N.D. Ind. Dec. 2, 2021) (missing a single meal did not violate the Eighth Amendment where plaintiff did not allege severe harm suffered). Similarly, McKinnely's actions did not rise to the level of an Eighth Amendment violation when he did not give Plaintiff milk on June 15, 2025.

The Court cannot discern from Plaintiff's writing what he claims Webber did in relation to his food on June 3, 2025, and Plaintiff does not describe any conduct on the part of Toliver. (Doc. 15, p. 6). Thus, any Eighth Amendment claim against Webber and Toliver fails. *See* FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Second, Plaintiff has not articulated a claim for retaliation under the First Amendment. As Plaintiff was advised, it is not sufficient to state in a conclusory manner that the Defendants

retaliated against him. (*See* Doc.14, p. 3) (citing *Hawkins v. Mitchell,* 756 F. 3d 983, 996 (7th Cir. 2014)). He must also provide facts from which the Court can plausibly infer that Defendants were motivated by Plaintiff's engagement in First Amendment activity. Plaintiff has failed to do so, and therefore, any First Amendment claim is dismissed.

Because Plaintiff has failed to state a constitutional claim against any of the Defendants, the First Amended Complaint does not survive screening under 28 U.S.C. § 1915A and shall be dismissed. When a complaint fails to state a claim upon which relief may be granted, the plaintiff is ordinarily given an opportunity to amend the complaint in order to correct the deficiencies. *See* FED. R. CIV. P. 15(a). However, leave to amend need not be granted if it is clear that any amendment would be futile. *See Always Towing & Recovery, Inc. v. City of Milwaukee,* 2 F.4th 695, 707 (7th Cir. 2021); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). This is Plaintiff's second attempt to state a claim, and he again is unsuccessful. Accordingly, the Court finds that any further amendment of Plaintiff's claims in this action would be futile. The dismissal of this case will be with prejudice and without leave to amend.

### DISPOSITION

For the reasons stated above, the First Amended Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. The Court considers the dismissal of this action as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the case was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be

liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 29, 2026**

_____
**STEPHEN P. MCGLYNN**
**United States District Judge**